**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-20338
_____

LARRY JEDKINS,

Petitioner-Appellant,

VERSUS

WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-94-2634)
_____

December 8, 1995

Before POLITZ, Chief Judge, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Larry Wayne Jedkins appeals the district court's denial of his application for Writ of Habeas Corpus. For the reasons outlined below, we remand the petition to the district court for further consideration.

Petitioner Larry Jedkins pled <u>nolo contendere</u> in the 221st District Court of Montgomery County, Texas to two counts of aggravated robbery. On November 8, 1991, the trial court found him guilty on both counts. It also determined that one prior

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

conviction alleged for purposes of enhancement was true. The court sentenced him to two 25-year prison terms, to run concurrently. After his state application for writ of habeas corpus was denied without written order or hearing, he filed this pro se application in the Southern District of Texas pursuant to 28 U.S.C. § 2254. The district court granted summary judgment for the State of Texas without holding a hearing. Petitioner appeals.

Petitioner's first claim is that his plea was not knowingly and voluntarily entered because he received ineffective assistance of counsel. In his notarized federal petition, he contends he pleaded nolo contendere only because his defense counsel advised him that, with good time served, he would be eligible for parole in three years. He has since discovered that he must serve at least six years of his sentence. The district court granted summary judgment for the State without addressing the merits of this allegation. It reasoned that Jedkins' only claim was a self-serving statement unsupported by any evidence in the record.

This court and the Supreme Court have declined to decide whether misinformation regarding parole eligibility can constitute ineffective assistance of counsel that may render a plea involuntary. However, Jedkins' sworn allegations in his complaint, which were not contradicted by the State's summary judgment evidence, are sufficient to raise an issue of fact. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1995). Keeping in mind the policy that courts should avoid constitutional issues wherever possible, we decline to decide this legal issue on the record as it exists. See West v. Atkins, 487 U.S. 42, 49 n.8 (1988). We remand

2

this case to the district court for reconsideration of this claim and direct it to consider whether Petitioner has demonstrated ineffective assistance of counsel. The district court should determine whether Jedkins' counsel provided him with misinformation regarding parole eligibility. If so, it should consider whether the attorney's actions fell below an objective standard of reasonableness and whether, but for his attorney's advice, Petitioner would have gone to trial rather than plead nolo contendere. See James v. Cain, 56 F.3d 662, 668-69 (5th Cir. 1995).

Petitioner asserts three other claims. He alleges that his plea was not knowingly and voluntarily entered because he was mentally incompetent and on psychiatric drugs at the time it was given and because he was not admonished by the trial court regarding the effects of his plea until after it had been received. He also asserts ineffective assistance of counsel on grounds that his attorney failed to investigate and object to a prior conviction alleged in an enhancement paragraph of the indictment. After careful consideration of these claims, we affirm the district court's rejection of relief for essentially the reasons announced by the district court.

Accordingly we affirm the district court's judgment except with respect to its disposition of Jedkins' claim of ineffective assistance of counsel based on misinformation regarding parole

3

eligibility.  We reverse the dismissal of that claim and remand it for further consideration consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.